**QUINN E. KURANZ** OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
65 SW Yamhill St., Suite 300
Portland, OR 97204
Telephone:  503-914-3930
Fax: 503-200-1289
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Tannaz TALEPASAND, | CASE NO.:   3:20-cv-00662 |
| Plaintiff, | COMPLAINT FAILURE TO PAY OVERTIME; PENALTIES; LIQUIDATED DAMAGES; |
| v. | ORS 653.055; ORS 652.150; 29 USC §§ 207, 216 |
| **MULTNOMAH EDUCATION SERVICE DISTRICT** | |
| Defendant. | JURY DEMAND |

Plaintiff alleges:

I.   **JURISDICTION AND VENUE**

1. Plaintiff Tannaz Talepasand lives in the state of Oregon.

2. Defendant Multnomah Educational Service District is a public entity, formed to provide educational support services to public schools in Multnomah County, Oregon.

3. This court has subject matter jurisdiction because the claims alleged herein arise under the Fair Labor Standards Act (FLSA).  28 USC § 1331.

Page 1    COMPLAINT – FAILURE TO PAY OVERTIME  WAGES

4. This court has subject matter jurisdiction over Plaintiff's state law wage claims because Plaintiff's state law wage claims arise from the same set of facts as Plaintiff's FLSA claims. 28 USC § 1337.

5. Plaintiff's claims arose primarily in Multnomah County, Oregon. Venue in the Portland Division is appropriate.

## II. ALLEGATIONS CONSTITUTING WAGE AND HOUR VIOLATIONS

6. Defendant, Multnomah Educational Service District ("MESD"), is an educational cooperative that provides a wide variety of programs and services on a regional basis to schools in Multnomah County.

7. Defendant hired Plaintiff approximately in August 2009.

8. Plaintiff is a Registered Nurse.

9. MESD pays Plaintiff $64,926.00 in salary, or an hourly rate of $31.21 per hour.

10. Plaintiff works for MESD as a Registered Nurse, providing Nursing care and companionship to an induvial student, herein referred to as "Student X."

11. Plaintiff's entire career with MESD has been caring for Student X.

12. Student X is expected to need three more school years of care from Plaintiff.

13. Plaintiff begins her day in arriving at Student X's residence and assisting Student X in leaving her home and transporting to school.

14. Plaintiff is then with Student X for the entire day, transporting Student X back to Student X's home. Upon delivering Student X to her home, Plaintiff clocks out.

15. Plaintiff is provided with a time period in the middle of the day in which she may eat lunch; however, Plaintiff is not completely relieved of all duties for a full 30 minutes or more during this "lunch period."
16. Plaintiff's lunch period is compensable work time because she is not completely relieved of all duties for 30 minutes.
17. Plaintiff is not permitted to leave the school premises or use the lunch period for her own time.
18. During Plaintiff's lunch time, Student X is attending a class. Plaintiff is routinely required to interrupt her lunch time to attend to Student X, provide her with care, or otherwise be available to attend to Student X in case of an emergency.
19. In prior years, Plaintiff worked approximately 9 hours per day, five days per week. This scheduled time is an estimate, to be further specified in discovery.
20. In the 2019 – 2020 school year, Plaintiff's contract is roughly an eight-hour day on Mondays and 9-hour days from Tuesday to Friday.
21. Plaintiff's schedule runs roughly from 7:40 AM to 4:40 PM.
22. MESD pays Plaintiff on a salary basis for 40 hours of work per week.
23. MESD does not pay Plaintiff at 1.5 times her regular rate for hours worked in excess of 40 hours per week.
24. Plaintiff is not otherwise exempt from the payments of overtime.
25. Plaintiff made repeated complaints to management about management's failure to pay her overtime wages.

26. Finally, management acknowledged that Plaintiff is entitled to overtime, and promised to pay her overtime wages for the 2019 – 2020 school year. MESD has failed to pay Plaintiff her overtime wages.

27. Defendant, MESD, is a subject employer pursuant to 29 USC 203(d).

28. Defendant meets the conditions for coverage under the FLSA under 29 USC §§ 203(r) and 203(s).

29. Defendant and Plaintiff are subject to the rules and regulations of the Fair Labor Standards Act.

30. Plaintiff is otherwise covered under the Fair Labor Standards Act because a part of his duties in which they were routinely required to use instrumentalities of interstate commerce in the performance of their employment for Defendant including using the interstate highways and roads and transiting using those instrumentalities of interstate commerce.

31. Defendant is required to make, keep or preserve records required under the FLSA 11(c), and 29 CFR § 516, which show the actual hours that Plaintiff worked each day, each week, and each pay period.

32. Defendant did not pay Plaintiff her wages for all hours worked in excess of 40 hours per week.

33. Defendant has and had a legal obligation to keep, make, and preserve records sufficient to demonstrate the actual hours that employees worked each week.

34. Based on reasonable knowledge and belief, to be determined after further discovery, Defendants have violated the FLSA and state wage and hour law on other occasions in the

past year, including violations in which other employees' employment has ceased without payment of overtime wages. .

35. On or about April 2, 2020, Plaintiff, through counsel mailed and emailed a Tort Claim Notice and Notice of Unpaid Wages, alleging claims of unpaid wages, unpaid overtime wages, penalties, and liquidated damages. This Notice was based on estimates and extrapolations of amounts owed to Plaintiff, subject to amendment after reviewing Defendant's records that they are required to make, keep and preserve of the actual hours Plaintiff worked.

36. Defendant received Plaintiff's Notice of Unpaid Wages dated April 2, 2020.

37. Defendant also received a request for Plaintiff's personnel file pursuant to ORS 652.750, requesting Defendant provide Plaintiff a copy of his personnel file, including the records reflecting the actual hours he worked and pay received.

38. Plaintiff requested Defendant provide Plaintiff with a complete record of all hours he actually worked, which Defendant are lawfully required to make and preserve.

39. As of April 20, 2020, Defendant has not delivered a copy of Plaintiff's personnel file.

40. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

41. Plaintiff entitled to recover unpaid overtime wages, liquidated damages equal to the amounts of unpaid overtime wages, a state penalty, and costs, disbursements, and attorney fees. ORS 652.140; ORS 652.150; ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

III. **PLAINTIFF'S CLAIMS**

42. Defendant employed Plaintiff as a salary, non-exempt employee.

43. Plaintiff was not exempt from the payment of overtime.

44. Defendant did not pay Plaintiff overtime for all hours worked in excess of 40 hours per week.

45. Defendant did not count all time Plaintiff worked as compensable time, resulting in a failure to pay all wages and a failure to pay overtime wages.

46. Plaintiff worked more than 40 hours per week for Defendant during his employment.

47. Defendant did not pay Plaintiff overtime at a rate of 1.5 times his regular rate for hours worked in excess of 40 hours per week, which they are required to do.  ORS 653; 29 USC § 207.

48. Plaintiff is entitled to recover liquidated damages equal to the amount of unpaid overtime hours.  29 USC § 216.

49. Defendants willfully failed to pay Plaintiff overtime wages.  ORS 653.055.  Plaintiff is entitled to recover a state law penalty of $7490.40.

50. Plaintiff is costs, disbursements, and attorney fees.  ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

DATED this April 21, 2020.

          /s/Quinn E. Kuranz
          Quinn E. Kuranz, OSB #114375
          Of Attorney for Plaintiff