**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
2100 NE Broadway, #119
Telephone: 503-673-3022
Of Attorneys for Defendants

**QUINN E. KURANZ** OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
65 SW Yamhill St., Suite 300
Portland, OR 97204
Telephone:  503-914-3930
Fax: 503-200-1289
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TANNAZ TALEPASAND,<br><br>            Plaintiff,<br><br>    v.<br><br>MULTNOMAH EDUCATION SERVICE DISTRICT,<br><br>            Defendant. | Case No.: 3:20-cv-00662-SB<br><br>JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT |

PAGE 1 -    JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

### MAGISTRATE CONSENT

By their signatures below, counsel for plaintiff and defendant consent to the jurisdiction of the magistrate judge over this motion and this action generally, in accordance with 28 U.S.C. § 636(c) and FRCP 73.

### MOTION

Plaintiff and defendant jointly move this court for its order approving the settlement that the parties have reached in the instant matter, on the ground that it is a reasonable compromise of plaintiff's claims. In support of the motion, the parties rely on the court's file in this action, as well as the declaration of counsel for defendant, filed herewith.

### FACTS

Plaintiff filed this action seeking compensation for overtime wages she believed she was due, based on her work that exceeded 40 hours per week, and for wages she believed she was due based on work she was required to do during her lunch period. Plaintiff's Complaint, ¶42-50. Defendant's Answer and Affirmative Defenses denied these claims, and asserted a range of affirmative defenses. Defendant's Answer and Affirmative Defenses, ¶5-15. Had the parties continued to litigate the case, defendant would have moved to amend its answer to assert a defense based on the learned professional exemption recognized by FLSA. Declaration of Brett Mersereau, ¶2.

The parties engaged in paper discovery, and plaintiff submitted a set of interrogatories. *Id.,* ¶3.

Following that initial discovery, plaintiff made a settlement demand of $49,447.64, based on a calculation of alleged wages and penalties, and costs and attorney fees. *Id.,* ¶4. The parties' negotiations ended in defendant's agreement to pay $35,000 to settle plaintiff's claims. *Id.,* ¶5.

Had the case not settled, defendant was prepared to vigorously contest the allegations, both through proving the learned professional exemption, and through contesting plaintiff's calculations of the overtime hours she worked. *Id.,* ¶6.

## DISCUSSION

1.  **Applicable Standards**

Settlements of FLSA claims require court approval. *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014). In analyzing such settlements, the court "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id* (internal punctuation and citations omitted).

To determine whether a FLSA settlement is fair and reasonable, the court evaluates the "totality of the circumstances" within the context of the purposes of the FLSA. *Slezak v. City of Palo Alto*, 2017 U.S. Dist. LEXIS 96900, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017). "Courts in this circuit have considered the following factors when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount

PAGE 3 -   JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Seguin v. Cty. of Tulare*, 2018 U.S. Dist. LEXIS 68991, *9-18, 2018 WL 1919823 (E.D. Cal., April 23, 2018).

**2.    Under the applicable standards, this settlement is fair and reasonable.**

Each of the six identified factors weighs in favor of the reasonableness of the parties' settlement.

First, the settlement amount of $35,000 is approximately 70% of plaintiff's initial demand of over $49,000. That discount reflects the risks plaintiff faced at trial: were defendant able to prove that the learned professional exemption applied to plaintiff's job, she would recover nothing on her overtime claims.

Second, the parties settled this case after document discovery and a thorough set of interrogatories submitted by plaintiff and responded to by defendants. Using that information, the parties "carefully investigated the claims before reaching a resolution", and "have sufficient information to make an informed decision regarding settlement." *Seguin, supra, citing Ontiveros v. Zamora,* 303 F.R.D. 356, 371 (E.D. Cal. 2014), and *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Third, the litigation risks faced by the parties were serious. As argued above, plaintiff faced the possibility of a defense verdict if defendant were able to prove her job was exempt from overtime rules, and were able to prove that she was otherwise compensated for all hours she worked. Defendant faced the risk of plaintiff being able to prove her claims, and of a substantial attorney's fee award, if plaintiff did so prove. Mitigating those risks through a reasonable compromise of plaintiff's claims was

appropriate.

Fourth, the scope of the release is narrow and limited to the FLSA claims made by plaintiff.  "A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." *Slezak, supra*, at *5.  In the agreement, plaintiff releases:

> [A]ny and all claims, liens, demands, actions, causes of action, suits or causes of suit of every nature whatsoever, that were or could have been asserted in the Litigation, including all claims relating in any way to regular, overtime, or penalty wages owed to plaintiff, or any matter that was or could have been described in plaintiff's Complaint in this action.

Mersereau Declaration, exhibit 1.  Thus, the release is specifically limited to FLSA claims that were or could have been made by plaintiff in her complaint.

Fifth, both undersigned counsel, as well as their respective clients, have approved this settlement as being in the interest of the parties.

Finally, there is no possibility of fraud or coercion here.  Both parties have been advised by counsel, who conducted this negotiation at arms-length.

This court should issue an order approving the settlement.

DATED: December 10, 2020.


| _/s/Brett Mersereau_ | _/s/Quinn Kuranz_ |
|---|---|
| **BRETT MERSEREAU,** OSB No. 023922 | **QUINN KURANZ**, OSB No. 114375 |
| brett@brettmersereau.com | quinn@kuranzlaw.com |
| The Law Office of Brett Mersereau | The Office of Q.E. Kuranz, Attorney at Law, LLC |
| Of Attorneys for Defendant | Attorney for Plaintiff |

PAGE 5 -   JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT